[No. B025877. Second Dist., Div. Two. May 27, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILLIP T. GONZALEZ, Defendant and Appellant.

**COUNSEL**

Harvey R. Zall, State Public Defender, under appointment by the Court of Appeal, and Adrian K. Panton, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Paul C. Ament and Joan Comparet, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GATES, J.**—Defendant appeals from the judgment entered following a nonjury trial that determined he had used a firearm during the commission of a robbery in which great bodily injury had been inflicted.[1] He contends: "The trial court erred by (a) failing to elect between a determinate non-life sentence and a life sentence as a habitual offender after declaring that appellant should serve only 11 years; and (b) using the same facts to impose both an aggravated term and enhanced terms for prior convictions and habitual offender status."

Appellant's contentions arise in the following manner. Penal Code section 667.7 as it read in 1985 provided: "Any person convicted of a felony in which such person inflicted great bodily injury as provided in Section 12022.7, or personally used force which was likely to produce great bodily injury, who has served two or more prior separate prison terms as defined in Section 667.5 for the crime of . . . robbery involving the use of force or a deadly weapon; . . . is a habitual offender and shall be punished by imprisonment in the state prison for life *and shall not be eligible for release on*

---

[1] Appellant was also found guilty of a separate attempted robbery but the concurrent two-year sentence imposed for that offense is not the subject of this appeal.

*parole* for 20 years, *or* the term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, *or* any period prescribed by Section 190 *or* 3046, *whichever is greatest.* The provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term in a state prison imposed pursuant to this section, but such person shall not otherwise be released on parole prior to such time. This section shall not prevent the imposition of the punishment of death or imprisonment for life without the possibility of parole. . . ." (Italics added.)

In fixing sentence in the instant proceeding the trial court found appellant not only had served the two prior prison terms required to render him a habitual criminal subject to life imprisonment (Pen. Code, § 667.7), but also that the appropriate minimum sentence for this, his latest crime, should be set at 22 years. In computing this term the court concluded that even if appellant were not a habitual criminal the appropriate sentence for the present robbery would be (1) the upper term of five years (Pen. Code, § 213), (2) enhanced by his use of a firearm, two years (Pen. Code, § 12022.5), (3) plus three consecutive terms of five years each resulting from the utilization of three of his five prior serious felony convictions (Pen. Code, § 667 subd. (a)).

██ It is appellant's principal contention that a determinate sentence which would *mandate* his release after 22 years, and with behavioral credits in approximately 11, would nonetheless be "greater" than the sentence actually imposed which permits his confinement for the balance of his life. (See *In re Lynch* (1972) 8 Cal.3d 410, 417 [105 Cal.Rptr. 217, 503 P.2d 921].) Such an assertion, of course, is patently inaccurate.

Moreover, the reasoning underlying appellant's claim is fundamentally flawed. It rests upon the mistaken premise that the "or[s]" found in Penal Code section 667.7 immediately following the phrase "shall not be eligible for release on parole for 20 years," should be deemed to refer, not to the "greatest" of the several alternative parole dates prescribed in the other sentencing sections specified therein, but rather to the "greatest" of those *sentences,* per se.

██ Penal Code section 4 declares: "The rule of the common law, that penal statutes are to be strictly construed, has no application to this Code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."

Since statutes are always to be read in a way that will lead to a wise policy rather than to mischief or absurdity (*People* v. *Aston* (1985) 39 Cal.3d 481,

492 [216 Cal.Rptr. 771, 703 P.2d 111]), this commandment is not at war with the proposition that when a penal statute is susceptible to two *reasonable* constructions, the one which is more favorable to the offender will be adopted. (*People* v. *Garfield* (1985) 40 Cal.3d 192, 200 [219 Cal.Rptr. 196, 707 P.2d 258].)

The fundamental rule is that a court should ascertain the intent of the Legislature so as to effectuate the law's purpose. (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) ■ We will not disparage our legislative colleagues' intelligence by assuming they entertained the belief that a determinate sentence, be it ever so long in the abstract, could ever exceed the entirety of a prisoner's life. As a consequence, they surely were aware that *any sentence* imposed pursuant to Penal Code section 1170 et seq., could never be "greater" than the life sentences required by each of the other potentially applicable sections.

Similarly, the "greatest" period a person may serve under any life sentence is always identical regardless of whether that sentence is derived from section 667.7, 190 or 3046; only his minimum possible release date could vary from a high of 25 years (§ 190) to a low of 7 years or multiples thereof (§ 3046).

Finally, the concluding pronouncement in section 667.7 regarding the applicability of good behavior and participation credits to parole eligibility, as well as its declaration that "this section shall not prevent the imposition of the punishment of death or imprisonment for life without the possibility of parole," convinces us that it is from among the potentially available parole dates that a court is required to select the "greatest."

■ As a consequence, contrary to appellant's claim, the trial court here did not fail to make the election required by section 667.7 and it properly concluded appellant should not be eligible for parole for 22 years rather than the 20 minimally prescribed for all habitual criminals. Had it done otherwise, appellant, despite his status as a habitual offender subject to a life sentence, might nonetheless serve a lesser term than one who had committed the same offense but whose prior misdeeds were insufficient to warrant that anathematized classification. Such a result would be entirely inconsistent with "the interest, expressed in all recidivist statutes, [to deal] in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society . . . .' [Citation.]" (*People* v. *Jameson* (1986) 177 Cal.App.3d 658, 662 [223 Cal.Rptr. 108].)

■ Equally meritless is appellant's contention his sentence violates the proscription that "A fact used to enhance the defendant's prison sentence

may not be used to impose the upper term." (Cal. Rules of Court, rule 441(c).) His probation report listed among the circumstances in aggravation his history of violent conduct and the fact he had been on parole when the instant offenses occurred. In selecting the upper term for this, his most recent armed robbery, the court announced that its decision was based "primarily [on appellant's] criminal involvement over the period of years."

Inasmuch as appellant's record of illegal conduct as an adult extends back to 1970 and includes offenses other than those which served to enhance his present minimum sentence or to establish his status as a habitual criminal, no impropriety occurred. (See *People* v. *Jenkins* (1983) 142 Cal.App.3d 222, 227 [191 Cal.Rptr. 180]; *People* v. *Mooring* (1982) 129 Cal.App.3d 453, 461-462 [181 Cal.Rptr. 71].)

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.