[No. F013332. Fifth Dist. Feb. 4, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNY VICTOR, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

520

**COUNSEL**

Charles M. Bonneau, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MARTIN, Acting P. J.—On October 23, 1987, appellant was convicted by jury of attempted murder (Pen. Code, §§ 664, 187)[1] and one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)). On October 27, 1987, a bifurcated jury trial was held concerning enhancement allegations and the following allegations were found to be true: In conjunction with count I appellant was found to have personally used a weapon (§ 12022, subd. (b)), inflicted great bodily injury (§ 12022.7) and suffered five prior felony convictions pursuant to sections 667.7, subdivision (a), 667, subdivision (a), 667.5, subdivision (a), 667, subdivision (b), and 667.5, subdivision (b). In conjunction with count II appellant was found to have inflicted great bodily injury (§ 12022.7), personally used a weapon (§§ 667, subd. (a) and 1192.7), and suffered five prior felony convictions pursuant to sections 667.7, subdivision (a), 667, subdivision (a), 667.5, subdivision (a), 667.5, and 667.5, subdivision (b).

On November 23, 1987, appellant was sentenced to state prison for the term of 20 years to life as a habitual offender pursuant to section 667.7. Consecutive terms totaling six years were added for two alleged enhancements. A timely notice of appeal was filed on that same day.

On September 27, 1989, this court reduced appellant's first degree attempted murder conviction to attempted murder in the second degree and affirmed the verdict in all other respects. The Merced County District Attorney declined the option of retrying appellant for first degree attempted murder. On January 3, 1990, appellant was resentenced. The trial court imposed a term of life imprisonment with a 20-year minimum parole eligibility as a habitual offender pursuant to section 667.7. The trial court also imposed a consecutive determinate term of six years for the following two enhancements: (1) use of a deadly weapon (§ 12022, subd. (b)) and (2) a prior felony conviction pursuant to section 667, subdivision (a). On that same date, appellant filed a timely notice of appeal.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

## FACTS

In March 1987, appellant, who had been drinking, demanded the keys to his wife's car to go to a bar. She refused. The argument escalated and wife left the trailer. She returned after a short time and her husband, appellant, attacked her with a large kitchen knife and stabbed her several times. As a result of appellant's attack, the victim received life-threatening injuries, lost a fetus she was then carrying and is partially and permanently paralyzed as a result of the injuries.

## DISCUSSION

### I. SENTENCING PURSUANT TO SECTION 667.7

■ The instant case raises the issue whether an indeterminate life sentence imposed pursuant to Penal Code section 667.7 may be ordered to run consecutive to a determinate term of imprisonment for a sentence enhancement. For reasons to be stated, we will reverse our position in Victor's earlier appeal (No. F009567) and hold that it may not.

Section 667.7 creates an independent, self-contained sentencing scheme for certain violent habitual offenders. "Any person convicted of a felony in which the person inflicted great bodily injury as provided in Section 12022.7 or personally used force which was likely to produce great bodily injury, who has served two or more prior separate prison terms as defined in Section 667.5" for certain specified violent crimes, "is a habitual offender and shall be punished as follows:

"(1) A person who served two prior separate prison terms shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 20 years, or the term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046, whichever is greatest. The provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term in a state prison imposed pursuant to this section, but the person shall not otherwise be released on parole prior to that time."

Victor comes within section 667.7 because the information alleged and the jury found that he committed attempted second degree murder, inflicted great bodily injury in its commission, and had served two prison terms for crimes specified in section 667.7. In addition to finding these predicate facts, the jury found true separate enhancement allegations under sections 12022,

subdivision (b) (weapon use in commission of attempted murder); 12022.7 (intentional infliction of great bodily injury); 667 (prior conviction of serious felony of arson); and 667.5 (prior prison terms for assault with a deadly weapon, with infliction of great bodily injury and for assault by means of force likely to produce great bodily injury). The section 667.5 enhancement allegations were based on the same two prior prison terms which served as predicates for the section 667.7 allegation.

Sentencing was a four-step process. First, attempting to follow section 667.7's methodology, the court calculated Victor's determinate term at 13 years. This consisted of the seven-year, middle base term for the attempted second degree murder, plus consecutive terms of one year for the weapon use and five years for the serious felony. █ The court did not include within this calculation any additional terms for the enhancements which triggered the application of section 667.7.[2]

Second, since the 13-year determinate term was less than 20 years, the court sentenced Victor to prison for life without parole eligibility for 20 years.

Third, the court ordered the weapon use and serious felony enhancement to be served prior to the commencement of the life sentence, i.e., to run consecutive to the section 667.7 term.

Fourth, the court stayed imposition of the terms for the great bodily injury and prior prison term enhancements, reasoning that "those enhance-

---

[2] This exclusion was error. The court's remarks suggest that it may have thought that the dual use of facts bar (§ 1170, subd. (b); Cal. Rules of Court, rule 441 [hereinafter Rule or Rules ]) prevented using the same facts both as a predicate for the habitual offender sentence and as components of his minimum parole eligibility release term. If so, it was mistaken.

Section 1170, subdivision (b) provides, in pertinent part, "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under Section 667.5, . . . 12022 . . . or under any other section of law." By its terms, this statute means that the court could not use Victor's prison terms or weapon use to impose the upper term for attempted second degree murder and then impose additional enhancements for the same facts. As noted, in calculating Victor's hypothetical determinate sentence, the court did not impose the upper term for attempted murder; it chose the middle base term. In calculating the hypothetical determinate sentence, i.e., the sentence Victor would have received *but for* the habitual offender statute, the court was *required* to include the enhancement terms unless it struck the additional punishment based on a determination of mitigating circumstances. (§ 1170.1, subd. (h); see *People* v. *Gonzalez* (1988) 201 Cal.App.3d 811, 814 [247 Cal.Rptr. 501].)

Had the court properly included the enhancement terms, then it would have arrived at a hypothetical determinate sentence of twenty years (seven years for attempted murder; three years for great bodily injury; one year for weapon use; five years for a serious felony conviction; three years for a "violent felony" prior prison term (§ 667.5, subd. (c)); and one year for a prior prison term). Since this hypothetical sentence does not exceed 20 years, the court then would have imposed the same term of life without possibility of parole for 20 years that it imposed here.

ments all go to make up the habitual criminal status of Mr. Victor and that separate and additional punishment for those would be inappropriate since he's now being sentenced to . . . life with a minimum of twenty years eligibility for parole."

■ Reprising an argument made on his first appeal, Victor now contends that the court erred in ordering the determinate term for the weapon use and serious felony enhancements to run consecutive to the habitual offender sentence. On the first appeal, we rejected this claim but remanded on other grounds. At resentencing, the court no doubt relied on our first opinion. Upon further consideration, we agree that the court erred.

As noted above, section 667.7 creates an independent, self-contained, indeterminate sentencing scheme for certain violent habitual offenders.[3] For the adjudicated habitual offender with two prior prison terms for relevant violent crimes, section 667.7 provides a mandatory sentence in lieu of the determinate sentence the offender otherwise would have received under section 1170. First, the offender is sentenced to prison for life. Second, he is not eligible for parole for a minimum of 20 years; if he would have received a determinate term longer than 20 years, this longer term defines his minimum parole eligibility. (*People* v. *Gonzalez, supra*, 201 Cal.App.3d 811, 815.)

This court must ascertain the Legislature's intent to effectuate the law's purpose. (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) Section 667.7 provides a detailed methodology for setting the minimum parole eligibility term. Had the Legislature wanted to *further* increase this minimum term by adding additional terms for various determinate sentence enhancements, presumably it would have expressly so stated in said section. Nothing in section 667.7 suggests that the Legislature intended that, after invoking its habitual offender's provision, imposing a life term with a lengthy period of parole ineligibility, the court would invoke some *other* statute as authority to effectively increase the minimum term by engrafting a determinate enhancement onto the indeterminate sentence.

Permitting such a practice would lead to absurd, anomalous, results. Section 667.7 expressly authorizes courts to use applicable enhancements to calculate the offender's hypothetical determinate sentence. If the total ex-

---

[3] Some previous cases refer to section 667.7 as an "enhancement." (See *People* v. *Rodriguez* (1990) 219 Cal.App.3d 688, 693 [268 Cal.Rptr. 581]; *People* v. *Brookins* (1989) 215 Cal.App.3d 1297, 1300 [264 Cal.Rptr. 240].) Technically, an "enhancement" is "an additional term of imprisonment added to the base term." (Rule 405(c).) The sentence authorized by section 667.7 does not fit this definition; it is imposed in lieu of—not added to—a base sentence for a substantive crime.

ceeds 20 years, the determinate sentence defines the offender's minimum parole eligibility. Thus, if the determinate sentence, including enhancements, for habitual offender A equalled 21 years, this would become his minimum term. Since the enhancements were used to calculate this actual minimum term, the court could not recycle the enhancements to add another five or ten years. If the determinate sentence, including enhancements, for habitual offender B, a less serious offender, did not exceed 20 years, then B would be hit twice. First, as the Legislature intended, his minimum term would be the statutory floor, 20 years. Second, the same enhancements, which were not enough to put his determinate term over 20 years, would then be added *on top of* the statutory floor. We are confident this is not what the Legislature intended.

According to respondent, the additional imposition for enhancements prevents a windfall: "Appellant should not be rewarded for a status as a habitual offender by precluding punishment for his enhancements. Nothing in the statute or case law prohibits the imposition of a greater sentence for being a habitual offender." Section 667.7 "rewards" a habitual offender by mandating a minimum term that his crime and enhancements could not otherwise justify.

Aside from this policy argument based on an Orwellian notion of "rewards," respondent relies on section 669 as authority for the court's action here.[4] That section recognizes that a person may be "committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment imposed pursuant to Sections . . . 667, . . . 12022 . . . ." The individual enhancement sections, such as 667 and 12022, themselves, explicitly provide for the addition of the enhancement term to the punishment for the substantive crime. We are satisfied that section 669 refers to a traditional life sentence imposed for a substantive offense alone, not as a self-contained special term for habitual violent offenders.

---

[4] Section 669 provides in pertinent part:

"When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or consecutively; life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another or with any other term of imprisonment for a felony conviction. Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment imposed pursuant to Sections 1170, 1170.1, 667, 667.5, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, and 12022.9, the determinate term of imprisonment shall be served first and no part thereof shall be credited toward the person's eligibility for parole as calculated pursuant to Section 3046 or pursuant to any other section of law that establishes a minimum period of confinement under the life sentence before eligibility for parole."

For these reasons, we agree that the court erred in imposing consecutive determinate terms for the weapon use and serious felony enhancements. The judgment must be modified to strike these unauthorized terms.

## II. CONFORM ABSTRACT OF JUDGMENT*

. . . . . . . . . . . . . . . . . . . . . . .

## III. PROBATION REPORT

■ Appellant complains that no probation report was prepared following this court's previous remand for resentencing. Appellant claims, going outside the record, that "[d]uring the pendency of his first appeal, appellant was transferred to Atascadero State Hospital for extensive diagnosis and treatment. The results of the Atascadero treatment, communicated through the probation officer, could have provided information on the cause of appellant's recurrent violent outbursts, which would have assisted the sentencing court in its sentencing decision." Appellant cites *People* v. *Brady* (1984) 162 Cal.App.3d 1, 4, footnote 2 [208 Cal.Rptr. 21], and *People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1046 [216 Cal.Rptr. 865], for the proposition that, upon remand for resentencing, an updated probation report is required.

Section 1203, subdivision (b) provides, in pertinent part, that "in every case in which a person is convicted of a felony and is eligible for probation, before judgment is pronounced, the court shall immediately refer the matter to the probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment."

■ In *People* v. *Brady, supra,* 162 Cal.App.3d 1, this court held that "even when the defendant is ineligible for probation, if the resentencing court has discretion to alter the length of the defendant's imprisonment, it must obtain a new, updated probation report, including information regarding the defendant's behavior while incarcerated during the pendency of any appeal, before proceeding with the resentencing." (*Id.* at p. 7; see also p. 4, fn. 2.) *Brady* concluded a defendant's behavior in prison during an appeal could be used by the court to reduce but not to increase the prison term originally imposed. (*Id.* at p. 4, fn. 2.) We have continued to follow *Brady* even where an appellant is statutorily ineligible for probation. (*People* v.

---

* See footnote, *ante,* page 518.

*Smith* (1985) 166 Cal.App.3d 1003, 1008-1009 [212 Cal.Rptr. 737]; *People v. Flores* (1988) 198 Cal.App.3d 1156, 1160 [244 Cal.Rptr. 322]; in accord *In re L. S.* (1990) 220 Cal.App.3d 1100, 1103 [269 Cal.Rptr. 700].) Other courts have concurred in this result. (*People v. Foley, supra,* 170 Cal.App.3d 1039, 1046-1047 [3d Dist. Ct. of Appeal]; *People v. Cooper* (1984) 153 Cal.App.3d 480, 482-483 [200 Cal.Rptr. 317] [1st Dist. Ct. of Appeal, Div. 2].)

As *Brady* notes, subdivision (b) of section 1170 provides in pertinent part, " 'In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, *the probation officer's report . . . .*' " (*People v. Brady, supra,* 162 Cal.App.3d 1, 6, italics in original.) Moreover, Rule 418 states, "Regardless of the defendant's eligibility for probation, the sentencing judge should refer the matter to the probation officer for a presentence investigation and report." Clearly, a probation report is required prior to the original sentencing of a defendant who is ineligible for probation. Neither section 1170, subdivision (b) nor Rule 418 distinguishes between an original sentencing and a resentencing. (*Van Velzer v. Superior Court* (1984) 152 Cal.App.3d 742, 744 [199 Cal.Rptr. 695].) Thus, section 1170, subdivision (b) and Rule 418 contemplate that a probation report should be prepared prior to a defendant's resentencing. (*People v. Foley, supra,* 170 Cal.App.3d 1039, 1046-1047.)

■ However, we are satisfied that this general rule would not apply in the instant case and no remand is necessary. As stated in *People v. Brady, supra,* 162 Cal.App.3d 1, an updated probation report is required even if defendant is ineligible for probation *if the sentencing court has discretion to alter the length of defendant's imprisonment.* Such is not the case here.

At trial, appellant was found to be a habitual offender as defined by section 667.7. This section further provides that appellant *will* be sentenced to life imprisonment and shall not be eligible for release on parole for 20 years or the term determined pursuant to section 1170 for the underlying conviction, whichever is greatest. Upon the facts of this case the greater term is life without parole eligibility for 20 years. In part I of this opinion we concluded the six-year term for enhancement Nos. 1 and 4 ordered to be served before commencement of appellant's life sentence must be stricken but the life sentence as a habitual offender remained intact. Thus, here, were we to order remand for resentence the trial court would have no sentencing discretion whatsoever. The trial court would be compelled to sentence appellant to life imprisonment without parole eligibility for 20 years. Applying our conclusion in part I hereof to the sentence imposed by the trial court, that is the sentence appellant is now serving. Remand and preparation of a

supplemental probation report would constitute a useless act and waste of time, the court's and appellant's.

The judgment of conviction is affirmed. That portion of the judgment sentencing appellant to life imprisonment without parole eligibility for twenty years is affirmed; that portion of the judgment ordering him to serve six years pursuant to enhancement numbers one and four is stricken. The trial court is directed to prepare a new abstract of judgment which reflects said modification and to forward a certified copy of same to the appropriate authorities.

Dibiaso, J., and Thaxter, J., concurred.

Respondent's petition for review by the Suprem Court was denied April 18, 1991.