[No. H010338. Sixth Dist. Feb. 19, 1993.]

In re HECTOR WALTER C. DIAZ et al. on Habeas Corpus.

[No. H010340. Sixth Dist. Feb. 19, 1993.]

In re ROBERT HOWARD SINGER on Habeas Corpus.

## COUNSEL

Steven Fama, under appointment by the Court of Appeal, Mazer & Nickerson, Kathleen M. Kelly and David A. Nickerson for Petitioners.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Morris Lenk, Bruce M. Slavin and Catherine A. McBrien, Deputy Attorneys General, for Respondent.

## OPINION

**COTTLE, P. J.**—This case presents the issue whether California law allows more generous work and conduct credits to recidivist murderers than to one-time murderers.

Petitioners, all of whom stand convicted of murder and are serving indeterminate life sentences under Penal Code section 190,[1] have filed these petitions for writs of habeas corpus seeking one-for-one work conduct credits pursuant to section 2933.[2] Under direction of the California Supreme Court, we issued an order to show cause, returnable before this court. For the reasons stated below, we shall hold the petitioners are not entitled to the credit which they seek.

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Section 2933 provides in relevant part as follows: "(a) It is the intent of the Legislature that persons convicted of a crime and sentenced to state prison, under Section 1170, serve the entire sentence imposed by the court, except for a reduction in the time served in the custody of the Director of Corrections for performance in work, training or education programs established by the Director of Corrections. Worktime credits shall apply for performance in work assignments and performance in elementary, high school, or vocational education programs. Enrollment in a two- or four-year college program leading to a degree shall result in the application of time credits equal to that provided in Section 2931. For every six months of full-time performance in a credit qualifying program, as designated by the director, a prisoner shall be awarded worktime credit reductions from his or her term of confinement of six months. . . . (e) Any person sentenced to a term in the state prison under subdivision (a) of Section 190 shall be eligible only for credit pursuant to subdivisions (a), (b), and (c) of Section 2931."

## Procedural and Factual Background and Leading Cases

Petitioners are murderers sentenced to serve indeterminate life terms under section 190.[3] They are not recidivists; they were not sentenced as habitual criminals under section 667.7. The Department of Corrections has refused them work time credits under section 2933 under compulsion of an Attorney General opinion (70 Ops.Cal.Atty.Gen. 49 (1987)) and a Court of Appeal decision (*In re Monigold* (1988) 205 Cal.App.3d 1224 [253 Cal.Rptr. 120]), both of which reasoned that "[s]ection 2933 . . . is expressly applicable only to those prisoners sentenced to determinate terms under Penal Code section 1170" (*Monigold, supra,* at p. 1227; Ops.Cal.Atty.Gen., *supra,* p. 50), and "does not cover persons . . . who are serving indeterminate terms [under section 190] and were not sentenced under Penal Code section 1170." (*Monigold, supra,* p. 1227; Ops. Cal.Atty.Gen., *supra,* p. 57.)

The above conclusion stemmed in part from language in section 2933 which states that "[i]t is the intent of the Legislature that persons convicted of a crime and sentenced to state prison, under Section 1170, serve the entire sentence imposed by the court, except for a reduction in the time served . . . for performance in work, training or education programs" (§ 2933, subd. (a)) and that "[a]ny person sentenced to a term in the state prison under subdivision (a) of Section 190 shall be eligible only for credit pursuant to subdivisions (a), (b), and (c) of Section 2931." (§ 2933, subd. (e).) The subdivisions of section 2931 referred to in subdivision (e) of section 2933 confer one-third term reductions for good behavior and no work conduct reductions.

Another basis for the conclusion of the Attorney General opinion and the *Monigold* decision was that section 190 is part of the Briggs Initiative, a measure which was enacted before section 2933 was passed, and therefore cannot be modified by incorporating section 2933 into it, since such a modification would result in a sentencing scheme not intended by the voters. (See *In re Oluwa* (1989) 207 Cal.App.3d 439, 445-446 [255 Cal.Rptr. 35].)

Recently, in *Brodheim v. Rowland* (N.D.Cal. 1991) 783 F.Supp. 1245, appeal pending, Ninth Circuit Court of Appeal, No. 91-16856 (hereafter *Brodheim*), the federal district court held that our habitual criminal sentencing statute, section 667.7, allows convicted murderers with prior serious felony convictions to receive section 2933 credits while first time murderers, such as petitioners, who are sentenced under section 190, may not receive such credit. The *Brodheim* court discerned no rational basis for a sentencing

---

[3]Singer, Diaz and Mizner are serving 25-years-to-life sentences for first degree murder; Smith is serving a 15-years-to-life sentence for second degree murder.

scheme giving more generous work credits to recidivist murderers. Lacking such basis, the scheme is unconstitutional on equal protection grounds. (See, e.g., *People* v. *Leung* (1992) 5 Cal.App.4th 482, 495-496 [7 Cal.Rptr.2d 290]; see also Westen, *The Empty Idea of Equality* (1982) 95 Harv. L.Rev. 537, 576-577; Tribe, American Constitutional Law (2d ed. 1988) § 16-2, p. 1440.) The *Brodheim* court mandated the Department of Corrections to afford one-for-one work time credits under section 2933 to Brodheim as a matter of federal constitutional equal protection: "[A]llowing the hardened first-degree murderer to earn § 2933 credits, while denying them to his callow counterpart, is irrational." (783 F.Supp. at p. 1249.)

### DISCUSSION

We are not bound by the decision of a federal district court nor are federal decisions controlling on questions of interpretation of state law. (*People* v. *Bradley* (1969) 1 Cal.3d 80, 86 [81 Cal.Rptr. 457, 460 P.2d 129]; *Missouri* v. *Hunter* (1983) 459 U.S. 359, 368 [74 L.Ed.2d 535, 543-544, 103 S.Ct. 673].) Accordingly, the California Supreme Court has directed us to consider independently whether section 667.7 allows convicted murderers with prior serious felony convictions to receive section 2933 credits while first time murderers sentenced under section 190 may not receive such credits. We are directed to decide if these state laws were correctly interpreted by *Brodheim*, and to decide whether the state law as we interpret it violates the California or the federal Constitutions.

The People initially contend the petitions before this court are not ripe for adjudication because habeas corpus may not be used to challenge the validity of an anticipated future action. (*In re Drake* (1951) 38 Cal.2d 195, 198 [238 P.2d 566].) In making this argument, the People observe that none of the petitioners have yet been found parole-suitable and that, therefore, there is no guarantee they will ever get a term against which credits can be applied. This ripeness argument lacks merit because such credits do determine when prisoners may first have a parole eligibility hearing, and the court in *Monigold* regarded that effect as sufficiently present and substantial to warrant relief on habeas corpus. (*In re Monigold, supra,* 205 Cal.App.3d at pp. 1230-1231.)

The People next argue that the *Brodheim* decision misinterpreted California law and that, in fact, convicted murderers are always sentenced under section 190 and not under section 667.7, subdivision (a), the habitual criminal statute. For the reasons stated below, we agree.

Section 667.7, which was passed by the Legislature and not by the voters, expressly affords one-for-one work time credit to persons found to be

habitual criminals within the statute and who are sentenced according to its provisions. The pertinent language states that "[t]he provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term in a state prison imposed pursuant to this section, but the person shall not otherwise be released on parole prior to that time." (§ 667.7, subd. (a)(1).) The incorporated article 2.5 contains section 2933, which provides for one-for-one work time credits against determinate sentences under section 1170.

Section 190, on the other hand, determines the sentences for all persons convicted of first or second degree murder. (§ 190, subds. (a), (b).) The statute imposes its penalties upon "[e]very person" guilty of those offenses. (*Ibid.*)

We conclude that the plain meaning of section 190 is that the statute applies to every person convicted of murder and that such persons must be sentenced under section 190 and receive the punishment that it prescribes. As the courts in *Monigold* and *Oluwa* held, that punishment is not reducible by one-for-one work time credits. (*In re Monigold, supra*, 205 Cal.App.3d at p. 1227; *In re Oluwa, supra*, 207 Cal.App.3d at p. 442.)

Furthermore, we agree with the People that to sentence murderers under the recidivist statute, section 667.7 would impermissibly infringe the earlier enacted Briggs Initiative. As part of that initiative, section 190[4] stated an express punishment for murderers, which did not include one-for-one credits. ■ Section 190 is an initiative measure which cannot be modified by subsequent legislative enactments not having the requisite majority for altering a voter initiative. (*In re Oluwa, supra*, 207 Cal.App.3d at pp. 445-446; see Cal. Const., art. II, § 10, subd. (c).) California law proscribes modification of a voter initiative by legislative enactments "unless the initiative measure itself permits amendment or repeal without voter approval." (*In re Oluwa, supra*, 207 Cal.App.3d at pp. 445-446; Cal. Const., art II, § 10, subd. (c), *supra*.) ■ It follows that the punishment prescribed by section 190 may not be modified by the subsequently enacted recidivist statute providing an entirely different sentencing scheme. We conclude that allowing one-for-one credits to murderers by way of section 667.7 would violate the intent of the voters who prescribed no such credits for persons sentenced for murder under the Briggs Initiative.[5]

We are further convinced that denying section 2933 credits to murderers sentenced under the recidivist statute, section 667.7, fully effectuates the

---

[4]The initiative became law on November 7, 1978.

[5]Given this conclusion, we need not address the People's concomitant position that the language of section 667.7 establishes that murderers are not to be sentenced under that statute.

intent of the legislators in passing that statute, which was to lengthen, not to shorten, the sentences of persons falling under section 667.7. (See *People* v. *Gonzalez* (1988) 201 Cal.App.3d 811, 815 [247 Cal.Rptr. 501].) The defendant in *Gonzalez* argued that the 20-year minimum of section 667.7 applied even if the underlying offense carried a greater minimum eligibility period. In rejecting the defendant's contention, the court observed that such a result would be inconsistent "with 'the interest, expressed in all recidivist statutes, [to deal] in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society . . . . [Citation.]' " *People* v. *Gonzalez, supra,* 201 Cal.App.3d at p. 815, quoting from *People* v. *Jameson* (1986) 177 Cal.App.3d 658, 662 [223 Cal.Rptr. 108].)

There is language in section 667.7 specifically referring to section 190 in the paragraph of the section defining the length of the term to be imposed upon recidivists, which states that "[a] person who served two prior separate prison terms shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 20 years, or the term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement . . . , or any period prescribed by Section 190 or 3046, whichever is greatest." (§ 667.7, subd. (a)(1).) Petitioners attempt to use this language as a springboard to reach their conclusion that section 667.7 applies to murderers. We, however, agree with the People that the language in section 667.7 referring to section 190 is designed to apply to a situation where a defendant with two prior prison terms is convicted of murder and sentenced under section 190 but is also convicted and sentenced at the same time for another serious violent felony falling within section 667.7. In such a case, the defendant would not be eligible for parole until he had reached the later of two potential minimum eligible parole dates, either his minimum date for the murder set under section 190 or the term under section 667.7 for the second offense. Given that the sentencing court under section 667.7 must always choose the greatest applicable minimum parole eligibility period (*People* v. *Gonzalez, supra,* 201 Cal.App.3d at p. 815), the People's interpretation sensibly effects the intent of the drafters of section 667.7 to ensure that persons sentenced thereunder receive the greatest possible applicable punishment.

The People's suggested construction is the only interpretation which satisfies both applicable maxims of statutory construction: it reconciles otherwise conflicting statutes (§§ 190 and 667.7) and it gives effect to the more specific provision, section 190, which defines the punishment for murder. (2B Sutherland, Statutory Construction (1992 rev.) § 51.05, p. 174.) It also has the salutary and favored result of avoiding a construction of the

laws which is unconstitutional since giving the credits only to recidivist murderers would most likely lack any rational justification. Finally, this interpretation effectuates the policy of the recidivist statute to lengthen rather than shorten punishment and it prevents the unconstitutional modification of the voter initiative by a legislative enactment.

We conclude that petitioners are not entitled to one-for-one work credits against their sentences other than those already earned and credited. ▮ The Department of Corrections is estopped from withholding credits which have already been awarded to recidivist murderers. (*In re Monigold, supra,* 205 Cal.App.3d at pp. 1228-1232.) We leave to administrative determination the identification of such prisoners and their appropriate earned credits.

### DISPOSITION

Petitioners are not entitled to credits under section 2933 unless such credits have already been promised to them by officials of the Department of Corrections. The petitions for writs of habeas corpus are denied.

Premo J., and Elia, J., concurred.

A petition for a rehearing was denied March 18, 1993, and petitioners' application for review by the Supreme Court was denied June 10, 1993.