Filed 2/10/26  P. v. Myers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>RONALD LEE MYERS,<br><br>       Defendant and Appellant. | C102455<br><br>(Super. Ct. No. SCCR-CRF-2022-1393) |

A jury found defendant Ronald Lee Myers guilty of assault with a deadly weapon. The trial court sentenced him to an indeterminate term of 60 years to life in prison pursuant to both the "habitual offender" provisions in Penal Code section 667.7[1] and California's "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12).  The court also imposed a consecutive 13-year determinate term for three sentence enhancements.

On appeal, Myers contends the trial court was not authorized to impose enhancements in addition to the habitual offender sentence.  The People agree, though for

---

[1]     Undesignated statutory references are to the Penal Code.

1

different reasons.  We agree with the People's reasoning and will modify the judgment to strike the unauthorized sentence enhancements.

## FACTUAL AND PROCEDURAL BACKGROUND

The jury found Myers guilty of assault with a deadly weapon and found true allegations that he:  (1) inflicted great bodily injury under section 12022.7, subdivision(a); (2) used a dangerous or deadly weapon within the meaning of section 1192.7, subdivision (c)(23) and (31); and (3) used force likely to produce great bodily injury, within the meaning of section 677.7, subdivision (a).

Myers waived his right to a jury trial on prior conviction and aggravating circumstance allegations.  In a bifurcated proceeding, the trial court found that: (1) Myers had four prior convictions for assault with a deadly weapon; (2) those four convictions were "strikes" under the Three Strikes law; (3) Myers was a habitual offender under section 667.7; and (4) the aggravating circumstance allegations were true.

The presentence report prepared by the probation department recommended sentencing Myers to an indeterminate term of 20 years to life in prison, tripled to 60 years under the Three Strikes law.  The report also recommended sentencing Myers to a consecutive determinate term of 13 years in prison for three enhancements:  a great bodily injury enhancement under section 12022.7, subdivision (a) and two prior serious felony enhancements under section 667, subdivision (a).  At the sentencing hearing, the trial court followed the department's recommendation, sentencing Myers to 60 years to life in prison for assault plus 13 years for the enhancements.

Myers filed a timely notice appealing from the judgment.

## DISCUSSION

Myers contends the trial court was not authorized to impose enhancements in addition to the habitual offender sentence because section 667, subdivision (a)(2) required dismissal of the enhancements and because the enhancements are unattached to a determinate sentence for a crime.  The People agree the enhancements are unauthorized

2

but offer a different reason: The provisions of section 667.7 preclude imposition of enhancements in addition to a habitual offender sentence. We agree with the People's reasoning and will strike the enhancements.

Section 667.7 defines a "habitual offender," as relevant here, as "[a]ny person convicted of a felony in which the person inflicted great bodily injury as provided in Section 12022.53 or 12022.7, or personally used force which was likely to produce great bodily injury, who has served two or more prior separate prison terms as defined in Section 667.5 for the crime of . . . assault with a deadly weapon." (§ 667.7, subd. (a).) A habitual offender with two prior separate prison terms shall be sentenced to life in prison and shall be ineligible for parole for a period of time calculated as the longest of three options: (1) 20 years; (2) the determinate term that would be imposed under section 1170, including any enhancements; or (3) "any period prescribed by Section 190 or 3046." (§ 667.7, subd. (a)(1).) In other words, a habitual offender is not eligible for parole for a minimum of 20 years and for at least the duration of the sentence that would otherwise be imposed for the crime, including applicable enhancements.

Our Supreme Court has described section 667.7 as "a self-contained sentencing scheme for habitual violent offenders." (*People v. Jenkins* (1995) 10 Cal.4th 234, 241.) Because section 667.7 ensures that a habitual offender's parole ineligibility lasts at least as long as the corresponding determinate sentence would, including enhancements, a sentencing court may not impose determinate sentence enhancements to further lengthen this period of parole ineligibility. (*People v. Victor* (1991) 227 Cal.App.3d 518, 524-526; *People v. Tuggle* (1991) 232 Cal.App.3d 147, 157-158, disapproved on another ground in *Jenkins*, at p. 252.)

As the court in *People v. Victor* explained, permitting determinate enhancements to be imposed on top of a habitual offender life sentence "would lead to absurd, anomalous, results. Section 667.7 expressly authorizes courts to use applicable enhancements to calculate the offender's hypothetical determinate sentence. If the total

3

exceeds 20 years, the determinate sentence defines the offender's minimum parole eligibility. Thus, if the determinate sentence, including enhancements, for habitual offender A equal[]ed 21 years, this would become his minimum term. Since the enhancements were used to calculate this actual minimum term, the court could not recycle the enhancements to add another five or ten years. If the determinate sentence, including enhancements, for habitual offender B, a less serious offender, did not exceed 20 years, then B would be hit twice. First, as the Legislature intended, his minimum term would be the statutory floor, 20 years. Second, the same enhancements, which were not enough to put his determinate term over 20 years, would then be added *on top of* the statutory floor. We are confident this is not what the Legislature intended." (*People v. Victor, supra*, 227 Cal.App.3d at pp. 524-525; see also *People v. Jenkins, supra*, 10 Cal.4th at p. 253 [noting in dicta that "[e]ngrafting a term of enhancement onto the life term would lead to a result inconsistent with the statute's methodology for setting the minimum period of required imprisonment" and "[n]othing in the statute suggests that the Legislature intended that those *same* enhancements be used again to add an additional term of imprisonment onto the life term"].) We agree with this analysis and conclude the trial court was not authorized to impose sentence enhancements in addition to the indeterminate habitual offender sentence.

An appellate court may correct a sentence that is not authorized by law. (*In re Ricky H.* (1981) 30 Cal.3d 176, 191; *In re Sandel* (1966) 64 Cal.2d 412, 417-419.) Accordingly, we will strike the unauthorized enhancements from Myers's sentence. (See *People v. Skeirik* (1991) 229 Cal.App.3d 444, 468-469.) We will also instruct the trial court to prepare an amended abstract of judgment indicating the correct sentence. On the amended abstract of judgment form, the court should indicate in section No. 8 that Myers was sentenced pursuant to both section 667.7 and the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).

**DISPOSITION**

The judgment is modified to strike the great bodily injury enhancement imposed under section 12022.7, subdivision (a) and the two prior serious felony enhancements imposed under section 667, subdivision (a).  The judgment is affirmed as modified.  The trial court is instructed to prepare an amended abstract of judgment in accordance with this opinion and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/s/<br>
EARL, P. J.

We concur:

/s/<br>
MAURO, J.

/s/<br>
WISEMAN, J.*

---

*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.