Ples Elworth RUSSELL and Roy Russell, Petitioners,

v.

UNITED STATES of America, Respondent.

Misc. No. 1481.

United States Court of Appeals Ninth Circuit.

Sept. 12, 1962.

See also 288 F.2d 520.

Ples Elworth Russell in pro. per.

No appearance for respondent.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

PER CURIAM.

Ples Elworth Russell has filed with the Chief Judge of this Court (a) a "Motion for Probation of Sentence," invoking jurisdiction under Title 28, United States Code §§ 1291 and 1651(a), and (b) a "Petition for Writ of Habeas Corpus Ad Testificandum," in support of (a) above, invoking jurisdiction under Title 28 United States Code § 2241.

Ples Elworth Russell purportedly files both his motion and his petition on behalf of Roy Russell as well. Ples Elworth Russell alone signed it. Ples Elworth Russell is allegedly confined at the United States Penitentiary at Leavenworth, Kansas, and Roy Russell at a federal institution at Terminal Island, San Pedro, California.

Both the motion and the petition have been referred by the Chief Judge to this panel of the Court.

 A litigant appearing in propria persona has no authority to represent anyone other than himself. Cf. Carrigan v. California State Legislature et al., 9 Cir., 263 F.2d 560. There is, therefore, no matter presently before us presented by, or on behalf of, Roy Russell.

We turn to Ples Russell.

█ Title 28 of the United States Code § 1291 gives this Court jurisdiction of appeals from all final decisions of the district courts of the United States. This is not an appeal from such a decision. We have no authority, in the absence of a timely appeal, to vacate a judgment of conviction, or to modify, or correct a sentence. Tesciona v. United States (1944) 9 Cir., 141 F.2d 811. Nor may we grant probation, nor modify it. That is the function of the court entering the judgment of conviction. Rule 32(c), Fed.R.Crim.P. 18 U.S.C.; 18 U.S. C. § 3651.

Title 28 of the United States Code § 1651(a) authorizes this court to issue all writs necessary or appropriate in aid of its jurisdiction. With respect to a matter not within its jurisdiction, it has no power to issue writs in aid thereof.

█ Title 28 of the United States Code § 2241 authorized the issuance of writs of habeas corpus by this court. That writ has been held broad enough to authorize this court to issue an order, in the nature of a writ of habeas corpus, requiring that a prisoner be brought before it for the purpose of arguing his appeal. Price v. Johnston, Warden, (1948) 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356. Title 28, U.S.C. § 2241(c) (5) permits a prisoner to be brought into court by the writ when necessary to testify.

There being no matter before us over which we have jurisdiction, there is no necessity for testimony in this court.

The "Motion for Probation of Sentence" is denied. The "Petition for Writ of Habeas Corpus Ad Testificandum" is denied.