**Michael Josef BRODHEIM, Petitioner–Appellee,**

v.

**James K. ROWLAND, Director, California Department of Corrections; Ron Koenig, Respondents–Appellants.**

**No. 91–16856.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 1993 *.

Decided May 24, 1993.

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th

Cir.R. 34–4 and Fed.R.App.P. 34(a).

Michael Josef Brodheim, in pro per.

Catherine A. McBrien, Deputy Atty. Gen., San Francisco, CA, for respondents-appellants.

Before: BROWNING, CHOY and CANBY, Circuit Judges.

The district court ruled California's statutory scheme for providing work credits to convicted murderers violates the equal protection clause. *Brodheim v. Rowland,* 783 F.Supp. 1245 (N.D.Cal.1991). The court's interpretation of California law was expressly repudiated by *In re Singer,* 13 Cal.App.4th 1755, 17 Cal.Rptr.2d 395 (6th Dist.1993). "We are bound by that state court's construction of its own penal statute," *McSherry v. Block,* 880 F.2d 1049, 1052 (9th Cir.1989), and may re-examine a state court's interpretation of its own law only if "the court's interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." *Taylor v. Kincheloe,* 920 F.2d 599, 609 (9th Cir.1990) (citations and internal quotation marks omitted); *see also Ward v. Love County,* 253 U.S. 17, 22, 40 S.Ct. 419, 421, 64 L.Ed. 751 (1920). *Singer*s interpretation of California law is straightforward and reasonable. There is no evidence of subterfuge.

Brodheim challenges the district court's ruling that he has no due process right to continue earning one-for-one work credits under Cal.Penal Code § 2933. *See* 783 F.Supp. at 1248. Brodheim has already received credit for his work prior to *In re Monigold,* 205 Cal.App.3d 1224, 253 Cal. Rptr. 120 (4th Dist.1988) (holding § 2933 credits are not available to convicted murderers, but that murderers must receive credit for all work prior to court's decision). Section 2933 does not create a liberty interest in work credits for inmates who have not engaged in any work that would entitle them to such credits. *Toussaint v. McCarthy,* 801 F.2d 1080, 1095 (9th Cir.1986). Being ineligible for the program under state law, Brodheim has no due process right to continue earning credits under § 2933. *Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983) (there is no due process violation if there is no liberty interest to protect).

We affirm the district court's denial of Brodheim's due process claim, but vacate the judgment of the district court with respect to Brodheim's equal protection claim. We remand for further proceedings consistent with this order and with *Singer,* including consideration of the additional equal protection

claims raised by Brodheim but not addressed by the district court.