17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pablo J. AGRIO, Plaintiff-Appellant,
v.
James GOMEZ, Director, California Department of Corrections;
et al., Defendants-Appellees.
 No. 93-55701.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo J. Agrio, a California state prisoner, appeals pro se the district court's order dismissing this action, denying class certification, and denying appointment of counsel.[1] Four state prisoners filed this "class action" suit alleging that prison officials denied prisoners sentence credits for participation in a work incentive program. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-89 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991). When a plaintiff's section 1983 action seeks relief available only under habeas corpus, the district court should construe the complaint to that extent as a habeas corpus petition. Franklin v. Oregon, 662 F.2d 1337, 1347 & n. 13 (9th Cir.1981).
 
 
 4
 Agrio contends that the defendants were withholding one-for-one work credits in violation of the equal protection clause. Agrio's contention is based on the decision in Brodheim v. Rowland, 783 F.Supp. 1245 (N.D.Cal.1991). Essentially, Agrio seeks an order requiring a recalculation of his minimum eligible parole date based on the Brodheim decision. Because Agrio is challenging the duration of his confinement, we conclude that the district court properly construed his action as a petition for habeas corpus relief. See Preiser, 411 U.S. at 488-89; Franklin, 662 F.2d at 1347 & n. 13.
 
 
 5
 We expressly overturned the district court's decision in Brodheim. See Brodheim v. Rowland, 993 F.2d 716, 717 (9th Cir.1993) (noting that California courts had expressly repudiated the district court's interpretation of California law); see also In re Singer, 17 Cal.Rptr.?? 395, 398-400 (1993). Accordingly, because there is no basis for Agrio's claim, the district court properly dismissed his habeas petition.[2]
 
 
 6
 Next, Agrio contends that the district court improperly denied class action status to this litigation. Agrio and the other plaintiffs purportedly brought this action on behalf of all California prisoners who had been denied one-for-one work credits. However, "[a] litigant appearing in propria persona has no authority to represent anyone other than himself." Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962) (per curiam). Therefore, the district court properly determined that Agrio could not litigate this claim on behalf of other prisoners. See id.
 
 
 7
 Finally, Agrio contends that the district improperly denied his motion to have counsel appointed. The appointment of counsel is restricted to "exceptional circumstances." Burns v. County of King, 883 F.2d 819, 824 (9th Cir.1989) (per curiam). To show exceptional circumstances, a litigant must demonstrate the likelihood of success and the complexity of legal issues involved. Id. Because Agrio's claim lacks merit, the district court's decision was within its discretion. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Agrio's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The complaint was filed by Agrio, Byron S. Woolley, Jack Von Gunten, and Herman Kreutzer. Woolley, Von Gunten, and Kreutzer did not join Agrio in this appeal, nor have they filed separate notices of appeal. Thus, we limit our review to the claims Agrio has standing to appeal. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986) (providing that each party wishing to appeal pro se must personally sign the notice of appeal)
 
 
 [2]
 Even if Agrio's claim was construed as an action for damages pursuant to 42 U.S.C. Sec. 1983, we conclude that Agrio has no claim for damages for the defendants' failure to recalculate his minimum eligible parole date based on the Brodheim decision. See Brodheim, 993 F.2d at 717. Therefore, the district court was not required to give Agrio an opportunity to amend his complaint to allege damages. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment' "). Moreover, we note that the district court's dismissal was without prejudice