21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney Lee REYNOLDS, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 93-16159.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Lee Reynolds, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Reynolds contends that the sentence enhancement imposed by the trial court violated his due process and Eighth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 We are bound by a state court's construction of its own laws. See Brodheim v. Rowland, 993 F.2d 716, 717 (9th Cir.1993); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989). Our deference to the state court's interpretation of state law may be suspended "only upon a finding that the court's interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." Oxborrow, 877 F.2d at 1399; see also Brodheim, 993 F.2d at 717; Taylor v. Kincheloe, 920 F.2d 599, 609 (9th Cir.1990).
 
 
 4
 Here, Reynolds pleaded guilty to two counts of possession of a firearm by a convicted felon, and was convicted for 12 additional offenses arising out of a series of armed robberies and assaults. The trial court found that Reynolds had been convicted of five prior serious felony convictions, all committed outside of California. Reynolds was adjudged a habitual offender and sentenced to life imprisonment without possibility of parole, pursuant to Cal.Penal Code Sec. 667.7.
 
 
 5
 Reynolds appealed his sentence to the California Court of Appeal. That court found that section 667.7 allows an out-of-state prior conviction to be used for sentence enhancement only if the out-of-state offense includes all the elements of the same offense under California law. The Court of Appeal held that four of Reynold's prior serious felony convictions did not include all the elements of the corresponding California offense, and thus that Reynolds could not be subject to a sentence enhancement under section 667.7.[1]
 
 
 6
 However, the Court of Appeal upheld two five-year sentence enhancements imposed pursuant to Cal.Penal Code Sec. 667. The Court held that section 667 requires only that the out-of-state convictions include all the elements of any serious felony; there is no requirement that it contain all the elements of the equivalent California offense. Because two of Reynolds's prior convictions constituted serious felonies in California, the Court found that sentence enhancements based on these convictions were proper.
 
 
 7
 Reynolds argues that the Court erred by construing section 667 differently from section 667.7. He contends that if a prior out-of-state conviction cannot support a sentence enhancement under one statute, it should not be the basis for an enhancement under another statute. However, we find that the California Court of Appeal's interpretation of these statutes is reasonable. The language of each statute differs: section 667.7 lists particular California offenses that require a sentence enhancement, whereas section 667 requires only that the out-of state offense include all of the elements of "any serious felony." Because the state court's interpretation of these statutes is not untenable, and because there is no evidence that this interpretation was adopted to thwart federal review, we defer to the state court's construction. See Brodheim, 993 F.2d at 717; Taylor, 920 F.2d at 609; Oxborrow, 877 F.2d at 1399.
 
 
 8
 Reynolds also contends that the imposition of these sentence enhancements constitutes cruel and unusual punishment. Successful Eighth Amendment challenges to sentences imposed in non-capital cases are exceedingly rare. Solem v. Helm, 463 U.S. 277, 289-90 (1983). The Eighth Amendment requires only that the sentence imposed be proportionate to the crime for which the defendant has been convicted; in making this determination, the reviewing court must "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." Id. at 290.
 
 
 9
 We find that a five-year sentence enhancement is not a disproportionate punishment for prior convictions for attempted murder and use of a deadly weapon in the commission of a felony. See id.; Alford v. Rolfs, 867 F.2d 1216, 1222-23 (9th Cir.1989) (upholding sentence of life imprisonment based on prior non-violent felonies).[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 667.7 requires three prior serious felony convictions for the imposition of a habitual offender sentence enhancement of life imprisonment without possibility of parole
 
 
 [2]
 The California Court of Appeal determined that Reynolds's prior conviction for assault included all of the elements of attempted murder under California law, and that his prior conviction for robbery satisfied the California definition of use of a deadly weapon or firearm in the commission of a felony