56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frank E. VOTH, Plaintiff-Appellant,
v.
Barbara ROBERTS, Governor, State of Oregon, Defendant-Appellee.
 No. 94-35526.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank E. Voth, an Oregon state prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 civil rights action against Governor Barbara Roberts alleging that Roberts violated his due process and equal protection rights by failing to keep her promises to remedy the effects of discriminatory state court procedures. Voth also appeals the district court's denial of his motion for assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Dismissal
 
 
 4
 Voth contends that the district court erred by dismissing his amended complaint as frivolous because there exists an arguable basis in law for his claims. This contention lacks merit.
 
 
 5
 We review for abuse of discretion the district court's dismissal pursuant to 28 U.S.C. Sec. 1915(d). Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992).
 
 
 6
 Section 1915(d) authorizes the district court to dismiss an in forma pauperis complaint if it is satisfied that the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous within the meaning of section 1915(d) if "it lacks an arguable basis in law or in fact." Id. at 325.
 
 
 7
 We agree with the district court that Voth's claims lack an arguable basis in law. First, Voth's argument that Roberts's failure to keep her promise violated his due process rights is meritless because Voth failed to establish that he had a property interest in that promise protected by the due process clause of the Fourteenth Amendment. Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Greenwood v. FAA, 28 F.3d 971, 976 (9th Cir. 1994) (unilateral expectation of a benefit insufficient to create a property interest).
 
 
 8
 Second, to the extent that Voth contends that Roberts violated his equal protection rights by redressing only "an unlawful act" committed against two white citizens, Voth's claim fails because his complaint is devoid of allegations showing that Roberts intentionally discriminated against him. Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (equal protection claim under section 1983 requires facts showing intentional discrimination).
 
 
 9
 Third, Voth's claim that Roberts conspired with others to deprive him of his equal protection rights lacks merit because Voth failed to allege any facts showing a conspiracy. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy insufficient to support a claim under section 1983 or 1985); Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1991) (court may dismiss a complaint as frivolous where complaint recites bare legal conclusions with no suggestion of supporting facts).
 
 
 10
 Finally, we reject Voth's contention that the district court erred by dismissing his claim against Roberts for misuse of taxpayers' funds because Voth failed to show that he had standing to bring such a claim. See City of South Lake Tahoe v. California Tahoe Regional Planning Agency, 625 F.2d 231, 234-35 (9th Cir. 1980), cert. denied, 449 U.S. 1039 (1980).
 
 
 11
 Because the district court provided Voth with an opportunity to amend, and Voth failed to cure the deficiencies of his complaint, Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), we conclude that the district court did not err by dismissing Voth's amended complaint as frivolous. To the extent that Voth contends that he is entitled to be released from prison, his exclusive remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681 (9th Cir. 1984).
 
 II
 Denial of Counsel
 
 12
 Voth contends that the district court erred by denying his motion for appointment of counsel. This contention lacks merit.
 
 
 13
 Here, we agree with the district court that Voth failed to demonstrate either exceptional circumstances or an inability to articulate his claims. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Accordingly, the district court did not abuse its discretion by denying Voth's motion for appointment of counsel. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood, 900 F.2d at 1335.
 
 
 14
 To the extent that Voth contends that the district court erred by denying his motion for class certification, we reject this contention because Voth had no authority to represent anyone other than himself. See Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) (per curiam) (pro se litigant has no authority to represent anyone other than himself).[1]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Voth is the only plaintiff properly before this court because only he signed the notice of appeal and he cannot represent the remaining plaintiffs. Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir. 1986); Russell, 308 F.2d at 79