61 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christina Jay ACKER; Pamela Newman, Plaintiffs-Appellants,
v.
Judy FRIGO, Deputy Warden, in her individual and official
capacities; Elijio Lopez, Internal Investigations,
individual and official capacities; Harry Sombrero,
Investigator, individual and official capacities; CSO
Bridgewater, individual and official capacities; Sgt Hooten,
individual and official capacity; Lt. Whitman, in individual
and official capacities; Frank Nitterhauser, CSO, individual
and official capacities; Samuel Lewis, Director ADOC,
individual and official capacities; Barbara Daniels, CPS,
individual and official capacities; Dale Copeland, Warden,
individual and official capacities; Jerry Eitniear, CPO,
individual and official capacities; Terry Klukey,
Recreational Supervisor, individual and official capacities;
John Hayes, Administrative Assistant, individual and
official capacities; Thomas McDonald, Legal Analyst,
individual and official capacities; Christine Derrington
Mould, Inmate #84630, individual and official capacities;
Anna Reyes, Inmate, individual and official capacities; Judy
Richwine, Internal Investigations, individual and official
capacities, Defendants-Appellees.
 No. 94-16899.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-01362-PGR; Paul G. Rosenblatt, District Judge, Presiding.
 D.Ariz.
 Affirmed in Part, Vacated and Remanded in Part.
 Before: FLETCHER, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christina Jay Acker and Pamela Newman appeal pro se the district court's 23 U.S.C. Sec. 1915(d) dismissal of their civil rights action brought under 42 U.S.C. Secs. 1983, 1985 and 1986 against defendant prison officials.[1] Acker and Newman alleged that defendants conspired to deprive Acker and Newman of their constitutional rights by (1) placing them in administrative segregation without due process of law, and (2) denying them access to the courts. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 33 (1992), and we affirm in part and vacate and remand in part.
 
 A. Due Process Claim
 
 3
 We vacate and remand the district court's 28 U.S.C. Sec. 1915(d) dismissal of Acker and Newman's due process claim for the reasons set forth in Acker v. Maxwell, unpublished memorandum disposition, No. 94-17169, (9th Cir. July 20, 1995).
 
 B. Sections 1985 and 1986 Claims
 
 4
 We affirm the district court's 28 U.S.C. Sec. 1915(d) dismissal of Acker and Newman's sections 1985 and 1986 claims for the reasons set forth in Acker v. Maxwell, unpublished memorandum disposition, No. 94-17169, (9th Cir. July 20, 1995).[2]
 
 C. Access to the Courts Claim
 
 5
 Acker and Newman contend that the district court erred by dismissing as frivolous their right to access claim because they did not allege an "actual injury." We disagree.
 
 
 6
 It is well-settled that where a right to access claim does not involve inadequate law libraries or alternative sources of legal knowledge, a prisoner must allege a specific instance in which the prisoner was actually denied access to the courts. See Sands v. Lewis, 886 F.2d 1166, 1171-72 (9th Cir. 1989)
 
 
 7
 Here, Acker and Newman alleged that while they were placed in administrative segregation, prison officials (1) forbade Acker and Newman from making photocopies from law books, (2) restricted Acker and Newman's access to legal supplies, and (3) delayed Acker and Newman's access to a notary and legal mail. The district court dismissed Acker and Newman's right to access claim as frivolous because they failed to allege an "actual injury."
 
 
 8
 Although Acker and Newman failed to allege a "specific instance in which they were denied access to the courts," see Sands, 886 F.2d at 1171-72, the district court did not provide them with an opportunity to amend their complaint in order to cure this deficiency. See id. at 1172; see also Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984) (holding that a pro se litigant is entitled to notice and an opportunity to amend). Because such a deficiency is curable by amendment, we vacate and remand this claim in order to provide Acker and Newman an opportunity to allege some specific instance in which they were actually denied access to the courts.[3] Id.
 
 
 9
 We have considered Acker and Newman's remaining contentions and we find them to be meritless.
 
 
 10
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellants' motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Acker and Newman are the only plaintiffs properly before this court because only they signed the notice of appeal. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir. 1986); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) (per curiam)
 
 
 [2]
 We also affirm the district court's denial of Acker and Newman's motions for appointment of counsel, see Wilburn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986), and class certification. See Fed. R. Civ. P. 23; see also Russell, 308 F.2d at 79; accord Oxedine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975
 
 
 [3]
 We agree with Acker and Newman's contention that the district court erred by dismissing Newman as a party to this action under Fed. R. Civ. P. 11 for failure to sign the complaint. See Fed. R. Civ. P. 11. On remand, Newman should be given an opportunity to cure this deficiency