81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon WASHINGTON; Daniel Law, Plaintiffs-Appellants,
v.
Robert J. MILLER, individually and in his capacity as
President of the Board of Prison Commissioners; Frankie Sue
Del Papa, individually and in her official capacity as
Member of the Board of Prison Commissioners; Cheryl A. Lau,
individually and in her official capacity as Member of the
Board of Prison Commissioners; Ron Angelone, individually
and in his official capacity as Director of the Nevada
Department of Prisons and member of the Advisory Board on
Industrial Programs; John or Jane Doe I-IV, individually
and in his or her official capacity as Senator and Member of
the Advisory Board of Industrial Programs; Howard L.
Skolnik, individually and in his official capacity as
Assistant Director of the Nevada Department of Prisons'
Prison Industries; Nevada Prison Industries; Silver State
Table, Inc., and/or Joint Venture Industries; John or Jane
Doe V, Bankruptcy Trustee for Silver State Table, Inc.,
and/or Joint Venture Industries; John and Jane Does VI thru
XV, inclusive; State of Nevada; Sherman Hatcher,
Defendants-Appellees.
 No. 95-15451.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Daniel Law appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against prison officials as barred by Nevada's two-year statute of limitations.[1] In his complaint, Law alleged that prison officials: (1) forced him to work without pay in violation of his right against involuntary servitude, (2) retaliated against him when he refused to work without pay, (3) took his property without just compensation and (4) are liable under various state law contract and tort theories. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 498 U.S. 1082 (1991), and affirm.
 
 
 3
 Law filed his complaint on May 18, 1993, more than two years after defendants allegedly violated his constitutional rights. Law has not alleged adequate grounds for tolling the statute of limitations. See Nev.Rev.Stat. § 11.250 (Nevada's tolling statute). Accordingly, we affirm the district court's dismissal of Law's action as time-barred. See Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.1989) (per curiam), cert. denied, 493 U.S. 860 (1989).[2]
 
 
 4
 Law also contends that the district court failed to give him notice under Fed.R.Civ.P. 23(c)(2) of his right to opt out of the prisoner class action. Because, however, Law was a named party to the action at its inception, we find Law's contention that he was not provided with proper notice of the action, to be unavailing. See Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir.1995) ("The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated."), petition for cert. filed, (Feb. 20, 1996) (No. 95-1338). To the extent that Law includes allegations against his former counsel, his remedy would be in state court in an action for legal malpractice.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Leon Washington was dismissed as a party from this action for failure to file an opening brief. To the extent that Law requests to represent other prisoner plaintiffs in this appeal, his request is denied. See Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962) (per curiam) (pro se litigant has not authority to represent anyone other than himself)
 
 
 [2]
 We note, moreover, that "[t]he Thirteenth Amendment does not prohibit involuntary servitude as part of imprisonment for a crime." Piatt v. MacDougall, 773 F.2d 1032, 1035 (9th Cir.1985) (en banc). Moreover, the Fair Labor Standards Act, 29 U.S.C. §§ 201-19, does not apply to prisoners working in a prison industry, see Hale v. Arizona, 993 F.2d 1387, 1395 (9th Cir.), cert. denied, 114 S.Ct. 386 (1993), or to prisoner suits to recover minimum wage for labor performed for private industry, see Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1324-25 (9th Cir.1991)