116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Christina Jay ACKER; Pamela Newman, Plaintiffs-Appellant,
v.
Patty MAXWELL, CPO, in her individual and official capacity;
James Roose, CPO, in his individual and official capacity;
Barbara Ribbons, CPS and chairperson in her individual and
official capacity; Judy Frigo, Deputy Warden, Santa-Maria
Unit, Arizona State Prison Complex--Perryville in her
individual and official capacity; Dale Copeland, Warden,
Arizona State Prison Complex--Perryville in his individual
and official capacity; Harry Sombrero, Investigator (I & I)
in his individual and official capacity; Elijio Lopez, Head
of Internal Investigations (I & I) in his individual and
official capacity; Judy Richwine, in her individual and
official capacity; John Hayes, Administrative Assistant in
his individual and official capacity; Barbara Daniels, CPS
in her individual and official capacity; CSO Bridgewater,
security guard in his individual and official capacity; CSO
Nitterhauser, security guard in his individual and official
capacity; Sgt. Hooten, security guard in his individual and
official capacity; Lt. Whitman, in his individual and
official capacity; Terry Klukey, recreational director in
his individual and official capacity; Samuel Lewis,
Director of the Arizona Department of Corrections in his
individual and official capacity; Thomas McDonald, legal
analyst in his individual and official capacity; Christine
Derrington Mould, # 84630 in her individual and official
capacity; Anna Reyes (AJA Mendez) in her individual and
official capacity, Defendants-Appellees.
 
 No. 94-17169.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 30, 1997.*
June 3, 1997.
 Appeal from the United States District Court for the District of Arizona, D.C. No. CV-94-01416-ROS; Roslyn O. Silver, District Judge.
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 ORDER
 
 1
 Newman's request to join in Acker's petition for rehearing is construed as a motion to adopt the brief. So construed, the motion is granted.
 
 
 2
 Appellants' petition for rehearing is granted.
 
 
 3
 The memorandum disposition filed July 20, 1995 is withdrawn.
 
 
 4
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. See Fed.R.App.P. 35.
 
 
 5
 Accordingly, the suggestion for rehearing en banc is rejected.
 
 
 6
 MEMORANDUM**
 
 
 7
 Christina Jay Acker and Pamela Newman appeal pro se the district court' § 28 U.S.C. § 1915(d) dismissal of their civil rights action brought under 42 U.S.C. §§ 1983, 1985 and 1986 against defendant prison officials.[1] Acker and Newman alleged that defendants conspired to deprive them of their constitutional rights by placing them in administrative segregation without due process of law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.
 
 
 8
 We review for abuse of discretion the district court's dismissal under 28 U.S.C. § 1915(d). Denton v. Hernandez, 504 U.S. 25, 33 (1992). Section 1915(d) authorizes the district court to dismiss an in forma pauperis complaint if it is satisfied that the action is frivolous. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous within the meaning of section 1915(d) if "it lacks an arguable basis in law or in fact." Id. at 325.
 
 
 9
 * Background
 
 
 10
 According to their complaint, on May 26, 1994, prison officials placed Acker and Newman in maximum security isolation after two inmates informed officials that Acker and Newman intended to attempt an escape utilizing outside help and firearms. Acker and Newman's complaint alleged that prison officials did not provide them with notice or a hearing before placing them in isolation.
 
 
 11
 On June 27, 1994, prison officials held reclassification hearings for Acker and Newman and adjusted their risk scores based upon the confidential informants' statements. At the hearings, prison officials decided to place Acker and Newman in maximum security isolation for another six months. Acker and Newman claim that defendants violated Acker and Newman's due process rights by denying their requests to call witnesses at their reclassification hearings and relying on confidential informants' statements in adjusting their classifications.
 
 II
 Merits
 A. Section 1985(3) Conspiracy Claim
 
 12
 Acker and Newman contend that the district court erred by dismissing as frivolous their section 1985(3) claim because "jailhouse lawyers" are members of a class entitled to protection under section 1985(3). This contention lacks merit.
 
 
 13
 Here, Acker and Newman cite no relevant authority, nor are we aware of any, to support the proposition that "jailhouse lawyers" form a suspect or quasi-suspect class that is entitled to protection under section 1985. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985) (holding that a plaintiff must show that "the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection) (quotations omitted).
 
 
 14
 Absent such authority, Acker and Newman's section 1985 claim lacks an arguable basis in law. Because Acker and Newman's section 1985 claim lacks an arguable basis in law, their section 1986 claim also must fail. See Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir.1985).
 
 B. Due Process Claim
 
 15
 Acker and Newman contend that the district court erred by dismissing as frivolous their claim that prison officials violated their due process rights both prior to and during their reclassification hearings.
 
 
 16
 The Supreme Court recently changed the methodology we employ in determining whether an inmate has a protected liberty interest entitling her to the procedural protections afforded by the Due Process Clause. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). We no longer examine the language of prison regulations to determine whether such regulations place substantive restrictions on officials' discretion. Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995). Rather, we focus on the particular discipline imposed and ask whether it "present[s] the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. (quoting Sandin, 115 S.Ct. 2301).
 
 
 17
 In light of the Supreme Court's decision in Sandin, we reverse the district court's dismissal of this claim and remand for issuance and service of process. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir.1989). On remand, the district court should explain to Acker and Newman what allegations are sufficient to state a claim under Sandin and provide them with an opportunity to amend their complaint in light of the new standard.
 
 
 18
 Insofar as Acker and Newman alleged that prison officials placed them in administrative segregation to prevent them from litigating, their claim, if proved, can constitute a due process violation. See. e.g., Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.1994) (stating that prisoners have a constitutional right of access to the courts guaranteed by the Fourteenth Amendment), cert. denied, 116 S.Ct. 91 (1995).
 
 
 19
 In addition, Acker and Newman should be afforded an opportunity to make other amendments to their complaint, and the district court should not dismiss any claim without first explaining to Acker and Newman how their complaint is deficient and providing them with an opportunity to cure the deficiency. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). The district court also should consider whether to appoint counsel under section 1915. See Wilburn, 789 F.2d at 1331.
 
 
 20
 We have considered Acker and Newman's remaining contentions and we find them to be meritless.
 
 
 21
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellants' motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Acker and Newman are the only plaintiffs properly before this court because only they signed the notice of appeal. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986); Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962) (per curiam)