**Antolin ANDREWS, Plaintiff—Appellant,**

v.

**MCINTYRE, DDS, Defendant—Appellee.**

No. 04–16859.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 13, 2006.

Antolin Andrews, Tacoma, WA, pro se.

Stephen Charles Pass, Office of the California Attorney General (Sac) Department of Justice, Sacramento, CA, for Defendant–Appellee.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Antolin Andrews, a former California state prisoner, appeals pro se the district court's judgment in favor of defendant in his 42 U.S.C. § 1983 action alleging due process and Eighth Amendment violations based on poor dental care. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment to defendant on Andrews' Eighth Amendment claim because Andrews failed to raise a triable issue of fact as to whether the defendant was deliberately indifferent to his serious medical needs. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996). The district court also properly granted summary judgment on Andrews' due process claim, because the failure to administer a grievance award to Andrews' satisfaction does not by itself violate due process. *See Sandin v. Conner*, 515 U.S. 472, 483–85, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

The district court did not abuse its discretion by denying Andrews' motion to strike defendant's motion for summary judgment because Andrews had notice of the motion and ample opportunity to re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

spond. *See Portsmouth Square Inc. v. Shareholders Protective Comm.,* 770 F.2d 866, 869 (9th Cir.1985).

The district court also did not abuse its discretion by denying Andrews' motion to consolidate the claims into a class action and his motion for appointment of counsel, because Andrews cannot represent other inmates, *Russell v. United States,* 308 F.2d 78, 79 (9th Cir.1962), and he did not establish exceptional circumstances warranting appointment of counsel, *see Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

Andrews' remaining contentions are without merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.