**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CASEY ALLAN MULDOON; DANIEL JASON BERGER; ELIAS E. KOTSIOS; JOHN ANTHONY RADINE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TEAMSTERS LOCAL 572; INTERNATIONAL BROTHERHOOD OF TEAMSTERS, <br><br> Defendants-Appellees. | No. 23-55448 <br><br> D.C. No. 2:22-cv-00161-DSF-JPR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 5, 2024**
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Casey Muldoon, Daniel Berger, Elias Kotsias, and John Radine (Plaintiffs) appeal pro se from the district court's dismissal of their action against Teamsters Local 572 (Union) and the International Brotherhood of Teamsters (International Brotherhood).[1] Plaintiffs alleged that the Union and International Brotherhood breached their duty of fair representation and improperly disciplined them. Reviewing de novo,[2] we affirm.

The district court correctly determined that Plaintiffs' first duty of fair representation claim was untimely. *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164–65, 170–72, 103 S. Ct. 2281, 2290–91, 2293–94, 76 L. Ed. 2d 476 (1983); *see also* 29 U.S.C. § 160(b). Plaintiffs agree that claim accrued when the collective bargaining agreement was fully executed, which they alleged[3] occurred on April 23, 2021, and which date is consistent with the record.

---

[1] We dismiss the appeals by Plaintiffs Berger, Kotsias, and Radine, who failed to file appellate briefs. *See* 9th Cir. R. 42-1; *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146–47 (9th Cir. 1997). We reject Plaintiff Muldoon's attempt to do so on their behalf. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Russell v. United States*, 308 F.2d 78, 78–79 (9th Cir. 1962) (per curiam).

[2] *See United Steel Workers Local 12-369 v. United Steel Workers Int'l*, 728 F.3d 1107, 1114 (9th Cir. 2013); *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011).

[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

Plaintiffs' filing of this action on November 23, 2021, was thus too late. The district court correctly refused to estop the Union from relying upon a statute of limitations defense because Plaintiffs failed to adequately allege that they reasonably relied upon any Union misconduct. *See Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1122, 1124 (9th Cir. 2006); *Guerrero v. Gates*, 442 F.3d 697, 706–07 (9th Cir. 2006); *see also* 29 U.S.C. §§ 414, 415.

The district court correctly dismissed Plaintiffs' claims for improper discipline for failing to state a claim. *See* 29 U.S.C. §§ 411(a)(5), 529. The Union's negotiation of a new collective bargaining agreement with the employer that omitted a category of workers (including the Plaintiffs) from the Union did not amount to "'discipline'" within the meaning of § 411(a)(5) or § 529 because it was not "punishment authorized by the union . . . to enforce its rules." *Breininger v. Sheet Metal Workers Int'l Ass'n Loc. Union No. 6*, 493 U.S. 67, 91, 110 S. Ct. 424, 438–39, 107 L. Ed. 2d 388 (1989); *see United Brotherhood of Carpenters v. Bldg. & Constr. Trades Dep't*, 770 F.3d 834, 844–45 (9th. Cir. 2014). There is no suggestion that the Plaintiffs violated any union rules—on the contrary, Plaintiffs allege they have always been union members in good standing. *See Breininger*, 493 U.S. at 91–92, 110 S. Ct. at 439. For the same reason, the new collective bargaining agreement terms did not expel the Plaintiffs from the Union within the

3

meaning of § 411(a)(5) or § 529. *See United Brotherhood of Carpenters*, 770 F.3d at 844–45; *see also Breininger*, 493 U.S. at 90 & n.13, 91–92, 110 S. Ct. at 438 & n.13, 439; *cf. Walnut Creek Honda Assocs. 2, Inc. v. NLRB*, 89 F.3d 645, 648 (9th Cir. 1996).

In light of the disposition of Plaintiffs' claims against the Union, the district court also properly dismissed their claims against the International Brotherhood.

We do not consider arguments or claims raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**